IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOALLEN CAMPBELL                                                                         PLAINTIFF

v.                                          Case No. 3:20-cv-8-DPM

DOLGENCORP, LLC d/b/a
DOLLAR GENERAL STORE                                                         DEFENDANT

## STIPULATED PROTECTIVE ORDER

1. Definition of Confidential Information:

Confidential information includes:

    a. Personnel documents and information of a personal or private nature pertaining to current and former employees and alleged employees of Dolgencorp, LLC d/b/a Dollar General Store ("Dolgencorp"), including but not limited to employee compensation information, tax information, supervisory notes, addresses, social security numbers, telephone numbers, dates of birth, and discipline reports; and

    b. Non-public financial information of Dolgencorp;

    c. Non-public corporate governance documents of Dolgencorp;

    d. Non-public contracts or negotiated business documents of Dolgencorp; and

    e. Trade secret or proprietary documents and information of Dolgencorp.

2. Designation of Confidential Information:

All Confidential Information disclosed in this case is deemed confidential between the parties and shall not be disclosed except as set forth in this Order.

Any deposition transcript page, each interrogatory answer, each produced document, electronically stored information, each answer to a request for admission, and any other tangible

1

that in good faith is deemed by counsel for a party to disclose Confidential Information of that party shall be so identified and marked "CONFIDENTIAL" by that party's counsel. This identification and marking shall be made: (a) in the case of an answer to an interrogatory or a response to a request for admission, at the time when the answer or response is served by the requested party or (b) in the case of another document, when a copy of the document is provided to another party. In the case of transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within twenty (20) calendar days after receipt of the transcript of the deposition. Pending notification from opposing counsel during the twenty (20) calendar day period, all transcript pages shall be treated as "CONFIDENTIAL" and may be used only in accordance with the designation under this Protective Order.

3. Treatment of Confidential Information and Persons Entitled to Access:

Until and unless the Court rules that any information, document, or thing designated as "CONFIDENTIAL" is not Confidential Information, or may be disclosed beyond the limits permitted by this Order, access, copying, and dissemination of such information, documents, and things shall be limited to the following persons:

    a. Attorneys for the parties in this litigation and their staff;

    b. Inside counsel of the parties and their staff;

    c. Parties to this action;

    d. Witnesses testifying in a deposition, hearing, or trial of this action;

    e. The Court, stenographers, court clerks, and other court personnel employed by the Court; and

    f. Any expert utilized by the parties, who shall be provided a copy of this Order and shall agree to comply with it.

4. Restrictions on Use and Dissemination of Designated Information:

All information produced by a party in the course of this litigation and designated as "CONFIDENTIAL" pursuant to this Protective Order shall be used by the receiving party solely for the purpose of this litigation. Any person receiving information designated as "CONFIDENTIAL" pursuant to the provisions of this Protective Order shall be advised of this Protective Order.

5. Certain Information Not Subject to Scope of Order:

The restrictions of this Protective Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Protective Order, or (b) was or is acquired from a third party having no obligation of confidentiality to the designating party, or (c) the receiving party can establish was in its rightful and lawful possession at the time of disclosure or is developed independently by the receiving party without the use of Confidential Information. The burden of proving that information falls within the scope of one or more of the exceptions provided for in this paragraph shall fall on the receiving party.

6. Exceptions to Order by Agreement by Parties:

Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information consents in writing to the disclosure or if the Court, after notice to the other party and the opportunity to be heard, orders disclosure.

7. Inadvertent or Unintentional Disclosure:

The inadvertent or unintentional disclosure by the supplying party of information designated under this Protective Order, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information

relating to it or on the same or related subject matter. Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the designated information. Upon receipt of written notification and identification of inadvertent disclosure of "CONFIDENTIAL" information, the receiving party shall either mark the materials with the appropriate designation or return them to the producing party for such marking.

8. Challenges to Designations:

A party shall not be obligated to challenge the propriety of a designation under this Protective Order at the time made, and failure to do so shall not preclude a subsequent challenge. In the event that either party to this litigation disagrees at any point in these proceedings with the designation by the supplying party of any information, the parties shall first attempt to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the parties shall follow the Court's Final Scheduling Order provision regarding Discovery Disputes. The party asserting confidentiality shall have the burden of proof.

9. Documents Under Seal:

Information designated as Confidential Information must not be filed on the public docket. In the event any documents or pleadings containing Confidential Information are filed with the Clerk's office, the documents must be redacted, if practicable. Fed. R. Civ. P. 5.2. If an entire page contains information designated as Confidential Information, substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as Confidential Information and any related motion, brief, or paper containing that material under seal. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

10. **Filing of Briefs or Affidavits Containing Confidential Information:**

In the event that a party wishes to use any information designated under this Protective Order in any affidavit, brief, memorandum of law, or other paper filed with the Court in this litigation, any Confidential Information in the paper must be redacted when practicable, and if not, handled as provided in Paragraph 9. Nothing in this paragraph shall be construed to preclude a party from delivering an additional courtesy copy of any paper containing designated information, which copy is not sealed, directly to the Court responsible for the litigation.

11. **Modification of Protective Order:**

A party may seek the written permission of the other party or further order of this Court, after notice to the other party and opportunity to be heard, with respect to modification of this Protective Order. The parties may, by written stipulation, provide for exceptions to this Order.

12. **Continuing Effect:**

The Court will enforce this Order during this case and for one year after the end of litigation including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties and signatories.

13. **Discovery Objections, Claim of Privilege:**

It is the intention of this Protective Order to deal with discovery objections to produce, answer, or respond to those objections on grounds of proprietary information, trade secret information, or otherwise, and it is agreed by the parties that any party may seek further relief from this order or additional protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

14. **Obligations on Conclusion of Litigation:**

Within 30 days of the conclusion of this case (including any appeals), all documents

containing Confidential Information must be returned to the disclosing party or destroyed unless: (a) the document has been entered as evidence or filed (unless under seal) or (b) the document is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes.

**IT IS SO ORDERED.**

_____
Honorable D. P. Marshall Jr.
United States District Court for the
Eastern District of Arkansas

7 August 2020

**STIPULATED AND APPROVED BY:**

David A. Hodges
Attorney at Law
Centre Place
212 Center Street, Fifth Floor
Little Rock, Arkansas 72201
Phone: (501) 374-2400
Facsimile: (501) 374-8926
david@hodgeslaw.com

By:/s/ _____
David A. Hodges (Bar No. 65021)

*Attorney for Joallen Campbell*

8/6/20

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
Phone: (501) 379-1700
Facsimile: (501) 379-1701
twilliams@qgtlaw.com
kcalvert@qgtlaw.com

By:/s/ _____
Thomas G. Williams (Bar No. 88186)
S. Katie Calvert (Bar No. 2019117)

*Attorneys for Dolgencorp, LLC*